**FEDERAL TRADE COMMISSION v. SOUTHERN PREMIUM MFG. CO.**

**No. 8096.**

Circuit Court of Appeals, Fifth Circuit.

June 1, 1936.

Martin A. Morrison, Asst. Chief Counsel, Federal Trade Commission, of Washington, D. C., for petitioner.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

The Federal Trade Commission, petitioner herein, having filed with this court on, to wit, April 22, 1936, its application for the enforcement of an order to cease and desist issued by it against the respondent, under date of June 25, 1935, under the provisions of section 5 of an Act of Congress approved September 26, 1914, entitled "An Act To create a Federal Trade Commission, to define its powers and duties, and for other purposes" (38 Stat. 719, as amended, 15 U.S.C.A. § 45); and said petitioner having also certified and filed herein, as required by law, a transcript of the entire record in the proceeding lately pending before it, in which said order to cease and desist was entered, including all the testimony taken and the report of said petitioner; and respondent having subsequently filed his answer to said application for enforcement, in which answer respondent stated it was not willing to contest said application for enforcement or the proceedings based thereon, and in which answer said respondent consented that this court might, upon said application and respond-

ent's answer thereto, and upon the pleadings, testimony, and proceedings set forth in the transcript aforesaid, make and enter its decree affirming said order to cease and desist and commanding respondent, its officers, directors, agents, representatives, and employees, to comply therewith—

Now, therefore, it is hereby ordered, adjudged, and decreed that said order to cease and desist, issued by the Federal Trade Commission, petitioner herein, under date of June 25, 1935, be and the same hereby is affirmed.

And it is hereby further ordered, adjudged, and decreed that the respondent, Southern Premium Manufacturing Company, a corporation, in its own name and right and trading as Ryan Candy Company, its officers, directors, agents, representatives, and employees, in the manufacture, sale and distribution in interstate commerce, of candy and candy products, do cease and desist from:

(1) Selling and distributing to jobbers and wholesale dealers for resale to retail dealers, and to retail dealers direct, candy so packed and assembled that sales of such candy to the general public are to be made or may be made by means of a lottery, gaming device, or gift enterprise.

(2) Supplying to or placing in the hands of retail and wholesale dealers and jobbers, packages or assortments of candy which are used or may be used without alteration or rearrangement of the contents of such packages or assortments, to conduct a lottery, gaming device, or gift enterprise in the sale or distribution of the candy or candy products contained in said assortment to the public.

(3) Packing or assembling in the same package or assortment of candy for sale to the public at retail, pieces of candy of uniform size, shape, and quality, having centers of a different color, together with larger pieces of candy, which said larger pieces of candy are to be given as prizes to the person procuring a piece of candy with a center of a particular color.

(4) Supplying to or placing in the hands of wholesale dealers and jobbers, assortments of candy, together with a device commonly called a push card or punch board, for use, or which may be used, in distributing or selling said candy to the public at retail.

(5) Furnishing to wholesale dealers and jobbers a device commonly called a push card or a punch board, either with packages or assortments of candy or candy products or separately, bearing a legend or legends or statements informing the purchaser that the candy or candy products are being sold to the public by lot or chance or in accordance with a sales plan which constitutes a lottery, gaming device, or gift enterprise.

(6) Selling and distributing to concessionaires with, and to operators, managers, and proprietors of, burlesque theaters, traveling shows, tent shows, medicine shows, circuses, and carnivals, and other similar places of amusement, candy so packed and assembled that sales of such candy to the general public are to be made, or may be made, by means of a lottery, gaming device, or a gift enterprise.

(7) Supplying to, or placing in the hands of, concessionaires with, and operators, managers, and proprietors of, burlesque theatres, traveling shows, tent shows, medicine shows, circuses, and carnivals, and other similar places of amusement, packages or assortments of candy which are or may be used without alteration or rearrangement of the contents of such packages to conduct a lottery, gaming device, or a gift enterprise in the sale or distribution of the candy or candy products contained in said package or assortment to the public.

(8) Packing or assembling in the same assortment, packages, or small boxes of candy for ultimate sale to the public, which individual packages or small boxes of candy are of uniform appearance, but which contain other articles of merchandise of varying value.

(9) Furnishing to concessionaires with, or operators, managers, or proprietors of, burlesque theaters, traveling shows, tent shows, medicine shows, circuses, and carnivals, and other similar places of amusement, assortments of candy consisting of individual packages or small boxes of candy for resale to the public, which individual or small boxes of candy are of uniform appearance, but which contain articles of merchandise of varying value.

And it is hereby further ordered, adjudged, and decreed that the respondent, Southern Premium Manufacturing Company, trading as Ryan Candy Company, within thirty days after the service upon it of this decree, shall file with the Federal Trade Commission a report in writing setting forth in detail the manner and form in which it has complied with this decree.